Cameron M. Gulden, Assistant United States Trustee
State Bar No. MN 310931
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Email: *Alyssa.Rogan@usdoj.gov*

Attorneys for Peter C. Anderson
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>COUTURE INVESTMENTS 1, LLC,<br><br>   Debtor. | Case No. 25-14546-abl<br>Chapter 11 Subchapter V<br><br>Hearing Date: October 15, 2025<br>Hearing Time: 1:30 p.m.<br>Teleconference line: (833) 435-1820<br>Meeting ID: 161 110 6049<br>Passcode: 154251#<br><br>Estimated Time: 10 minutes |

**U.S. TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) AND**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014,**
**TO DISMISS OR CONVERT CHAPTER 11 CASE AND RESERVATION OF RIGHTS**

To the Honorable AUGUST B. LANDIS, United States Bankruptcy Judge**:**

Peter C. Anderson, United States Trustee for Region 17 (the "U.S. Trustee"), by and through

the undersigned counsel, hereby brings this *U.S. Trustee's Motion Under 11 U.S.C. § 1112(b) and Federal*

*Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Chapter 11 Case and Reservation of Rights*

(the "Motion"), which is supported by the declaration of Bryan G. Coleman ("Coleman Declaration")

filed concurrently herewith, and any argument the Court may permit during the hearing.[1]

---

[1] "Section" refers to section of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 as amended, unless otherwise noted, and "FRBP" refers to the Federal Rules of Bankruptcy Procedure. "FRE" refers to the Federal Rules of Evidence; and "ECF No." refers to the bankruptcy docket case number

1

**INTRODUCTION**

The U.S. Trustee seeks dismissal of the above-captioned case, Couture Investments 1, LLC ("Debtor"), which its Managing Member, Kenneth Couture, signed.  Cause to dismiss this case exists under section 1112(b)(1), and under a long line of cases holding that dismissal is appropriate where, as here, the corporation is unrepresented by counsel.

Consistent with his independent and statutory duties, the U.S. Trustee reserves all rights with respect to this matter, including, but not limited to his right to take any additional appropriate action under title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, and the local bankruptcy rules of the United States Bankruptcy Court and/or to respond to any amendments or other actions taken by the Debtor, including the retention of counsel.

**I.      MEMORANDUM OF POINTS AND AUTHORITIES**

**A.      Background Facts and Procedural Posture.**

1.      On August 6, 2025, the Debtor filed a voluntary Chapter 11 petition, which it amended later that day.  [ECF Nos. 1, 5].  The Debtor's Managing Member, Kenneth Couture ("Debtor's Representative"), signed the petition.[2]  [ECF No. 5 at 4].  No other person, including an attorney, signed the petition.  [*Id.*]

---

25-14546-abl.  The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to FRBP 9017 and FRE 201. To the extent that the objection contains factual assertions predicated upon statements made by Debtors, its agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

[2]  According to the Nevada State Bar, Debtor's Representative is not an attorney.  [*See* Coleman Declaration].

2.      The petition indicates the Debtor is a corporation, and it selected the box providing that it is a small business debtor that elects to proceed under Subchapter V of Chapter 11.  [ECF No. 5 at 2].[3]  Debtor also described its business as a single asset real estate debtor.[4]  [*Id.*].

3.      That same day, the Clerk of the Court entered a notice outlining the incomplete or deficient filings including:

     i.   Lack of resolution of the corporation's board of directors authorizing the petition;
    ii.   Lack of the summary of assets and liabilities;
   iii.   Lack of Schedules E/F, G, H;
   iv.   Lack of statement of financial affairs ("SOFA");
    v.   Lack of a list of the equity security holders;
   vi.   Lack of section 1116(1) documents;
  vii.   Obsolete versions of forms including 201 and 207.

[ECF No. 4].

4.      The Office of the U.S. Trustee is set to conduct the 11 U.S.C. § 341 meeting of creditors on September 11, 2025.  [ECF No. 2].

5.      The U.S. Trustee appointed Nathan F. Smith as the Subchapter V Trustee.  [ECF No. 11].

6.      According to the Debtor's Schedules, Schedule A/B includes real estate property located at 2031 W Sunset Rd. Henderson NV 89014 (the "Property") valued at $2,100,000.00.  [*See* ECF No. 1 at 13].  The Debtor lists one secured creditor, Xinchen, LLC, on Schedule D as holding an unliquidated claim for $1,324,083.95 secured by the Property.  [*Id.* at 16].  The Debtor did not include any creditors on Schedule E/F, no executory contracts or unexpired leases on Schedule G, and no co-debtors on Schedule H.  [*See* ECF No. 7 at 2–12].

---

[3] The Nevada Secretary of State website indicates the Debtor is a limited liability company.  [*See* Coleman Decl.].

[4] Single asset real estate debtors cannot be small business debtors.  *See* 11 U.S.C. §101(51D)(A).

7.      According to the Debtor's SOFA, the Debtor had gross revenue in the last three years of $108,850 in 2023, $618,500 in 2024, and $0 in 2025 (from the beginning of 2025 to the petition date).  [ECF No. 6 at 1].  Debtor's Representative owns 100% of the Debtor.  [*Id.* at 13; *see also* ECF No. 7 at 13 (List of Equity Security Holders)].

8.      As of the filing of this Motion, the Debtor did not file any of the documents required by section 1187(a) (Debtor's most recent balance sheet, statement of operations, cash-flow statement and federal income tax return, or a statement made under penalty of perjury that no balance sheet, statement of operations or cash-flow statement has been prepared and no federal tax return has been filed).  [*See* ECF Nos. 1, 4, 5, 6, 7; *see generally* ECF Docket; *see also* Coleman Declaration].

## II.      JURISDICTION AND VENUE

9.      The Bankruptcy Court has original and exclusive jurisdiction over Debtor's bankruptcy case pursuant to 28 U.S.C. § 1334(a).  The Bankruptcy Court also has subject matter jurisdiction to adjudicate the contested matter presented by the Motion pursuant to 28 U.S.C. § 1334(b) as the relief sought under section 1112(b)(1) constitutes a civil proceeding arising under the Bankruptcy Code.

10.      Adjudication of the Motion constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).  The filing of a motion pursuant to FRBP 1017(f)(1) initiates a contested matter governed by FRBP 9014.

11.      Venue of the Debtor's bankruptcy case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

12.      The U.S. Trustee has standing to prosecute the Motion pursuant to sections 307 and 1112 and FRBP 1017 and 9014.  *See Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000) ("The United States Trustee may be heard on any

issue in any case or proceeding under title 11.").  The U.S. Trustee brings this Motion pursuant to his statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

### III.   ARGUMENT

13.   Under the Code, limited liability companies are corporations under section 101(9)(A)(iv).  Local Rule 9010 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Nevada ("Local Rules") requires non-individuals to be represented by an attorney. *See* Local Rule 9010.

14.   The Debtor's petition was not signed by an attorney authorized to practice law before this Court.  Thus, the Debtor's petition violates well-established case law and the Court's Local Rules.

15.   Accordingly, there is cause for the Court to dismiss this case under the unenumerated cause that the Debtor is a *pro se* corporation that cannot appear in Court without representation and section 1112(b)(4)(F).  *See* 11 U.S.C. § 1112(b)(4)(F) (Cause to dismiss a Chapter 11 case includes the "failure to satisfy timely [a] filing . . . requirement established by . . . any rule applicable to a case under this chapter.").

**A.   If the Debtor is a Limited Liability Company, then Cause Exists Under 11 U.S.C. §§ 1112(b)(1), 1112(b)(4)(F), and Well-Established Case Law to Dismiss this Bankruptcy Case.**

16.   Section 1112(b)(1) provides:

Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

17.   "Cause," as used in section 1112(b)(1), is defined, in pertinent part, in section 1112(b)(4) as follows:

For purposes of this subsection, the term 'cause' includes--

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

11 U.S.C. §§ 1112(b)(1) & (b)(4)(F).

18. The "filing or reporting requirement[s]" referenced in section 1112(b)(4)(F) include the Local Rules, which are "rule[s] applicable to" all Chapter 11 cases in the District of Nevada. 11 U.S.C. § 1112(b)(4)(F). *See* LR 1001(b)(2) (explaining that the Local Rules "govern procedure in *all* bankruptcy cases and proceedings in the District of Nevada.") (emphasis added). *See also* Fed. R. Bankr. P. 9029 (authorizing district courts and bankruptcy courts to adopt local rules which govern bankruptcy practice before those courts).

19. Local Rule 9010 provides that "[a]ny corporation, partnership, limited liability company, trust, or other non-individual debtor *must be represented by, an attorney*." Local Rule 9010 (emphasis added).

20. Here, the Debtor is a limited liability company, and "[a] limited liability company is treated as a corporation under Section 101(9)(A)(iv)." *In Re CWNevada LLC*, 602 B.R. 717, 725 (Bankr. D. Nev 2019). The Debtor self-identifies as an LLC as indicated in its name and the same is provided for on the petition when asked about the "Type of Debtor." [ECF No. 5 at 2]. Debtor therefore appears to agree that it is a "corporation" under section 101(9)(A).

21. As a corporation, Debtor violated Local Rule 9010 by signing and filing its petition *pro se*. [ECF No. 5 at 4]. The Debtor's petition therefore "fail[s] to satisfy . . . [a] filing . . . requirement established by . . . [a] rule applicable to a case under [Chapter 11]." 11 U.S.C 1112(b)(4)(F). Accordingly, the Court should dismiss this case under section 1112(b)(1).

22. Even if the Court does not find cause to dismiss under section 1112(b)(1) and (b)(4)(F), dismissal would be warranted under the long line of cases holding that a corporation is an artificial person that cannot represent itself *pro se* in bankruptcy proceedings. *See In re Video Systems Design & Sales, Inc.*, 129 B.R. 196, 197 (Bankr. W.D. Mo. 1991) (dismissing a corporation's bankruptcy

petition, filed by a non-attorney officer, on grounds that the filing amounted to the unauthorized practice of law, and holding that a later appearance by an attorney did not cure the problem because the case was a nullity); *In re Dick Tracy Insurance Agency, Inc.*, 204 B.R. 38, 39 (Bankr. W.D. Mo. 1997) ("[T]he filing of a bankruptcy petition on behalf of a corporation by a non-attorney is the unauthorized practice of law and any such petition should be dismissed as null and void."); *New Concept Housing, Inc. v. Poindexter (In re New Concept Housing, Inc.)*, 951 F.2d 932, 939-40 (8th Cir. 1991) (citing "the well-established rule that a corporation must be represented by counsel in bankruptcy proceedings"); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) ("The general rule, widely recognized in federal and state courts, is that a corporation can appear only through an attorney."); *Highlander, Inc. v. Rothman (In re Highley)*, 459. F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law.").

23.     As the above case citations make clear, even if the Debtor later obtains an attorney in this case, the filing of the case without an attorney renders the petition null and void.  *See In re Video Systems Design & Sales, Inc.*, 129 B.R. 196, 197 (Bankr. W.D. Mo. 1991); *In re Dick Tracy Insurance Agency, Inc.*, 204 B.R. 38, 39 (Bankr. W.D. Mo. 1997).

> **B.     Once Cause Is Established, the Debtor has the Burden of Establishing all Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).**

24.     Once "cause" is established, the burden then shifts to the debtor to demonstrate that section 1112(b)(2) precludes relief under section 1112(b)(1).  *Sanders v. United States Trustee (In re Sanders),* No. CC-12-1398-KiPaTa, 2013 Bankr. LEXIS 4681 at *18–19 (B.A.P. 9th Cir. April 11, 2013).  ("The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of

creditors and the estate."). *See* 11 U.S.C. § 1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren)*, No. EC-14-1390-PaJuKu, 2015 Bankr. LEXIS 1775, at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the Debtor bears the burden and must prove that unusual circumstances exist rendering dismissal or conversion as not being in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

25.    The record does not disclose any "unusual circumstances" that would establish justification against granting the relief requested in the Motion.

26.    In determining whether to convert a case from Chapter 11 to Chapter 7 or dismiss it, a bankruptcy court must consider the interests of all creditors. *Shulkin Hutton, Inc., P.S. v. Treiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009). The Court has broad discretion to determine whether dismissal or conversion of a Chapter 11 case is in the best interest of the creditors and the estate, driven by case-specific circumstances. *Cf., In re Staff Inv. Co.*, 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992) (finding conversion in lieu of dismissal is warranted, where debtor betrays an intention to re-file a new bankruptcy case following dismissal of the current case, so to obtain a new automatic stay).

27.    Because this case is a nullity, it should be dismissed. Dismissal will allow creditors to pursue their rights outside of bankruptcy. *See Rand v. Porsche Fin. Servs. (In re Rand)*, No. AZ-10-1160-BaPaJu, 2010 Bankr. LEXIS 5076, at *30-31 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (internal citations omitted) (identifying ten factors courts have used to determine whether dismissal or conversion is in the best interests of creditors and the estate under §1112(b)(1)). Therefore, dismissal appears to be

the more appropriate remedy, however, the U.S. Trustee does not oppose conversion to a Chapter 7 if the Court determines that it is in the best interest of creditors.

**IV.    CONCLUSION**

WHEREFORE, the U.S. Trustee requests that the Court enter an order (a) granting the Motion; (b) dismissing this bankruptcy case or, alternatively, converting it to one under Chapter 7; and (c) granting such other relief as is just under the circumstances.

Date: August 25, 2025                    Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: */s/  Alyssa A. Rogan*
    Alyssa A. Rogan, Esq.
    Trial Attorney for the United States Trustee